**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.

ANDREW PADILLA, individually and as
parent and natural guardian of A.P., minor child;
ROBERT HAMPTON; MICHEAL MCIRVIN;
THOMAS FLORES; MARIE FLORES;
MAUREEN CANADY; EUGENE CANADY;
SHEA VERA; TERRY CONNER; JEFFERY
CONNER; DEBORAH WARD-GARRISON;
RONELL MASSIE; KIMBERLY MASSIE;
JOSEPH WARRINGTON; JACQUELIN
WARRINGTON; JOY WARRINGTON; JACI
OLSON; KIPP OLSON; STEPHEN
PORTUGAl, individually and as parent and
natural guardian of J.P. and M.P., minor
children; ANGELA PORTUGAL; THOMAS
FUGETT; NICOLE HOOD; RICHARD
SINCLAIR; YANDEL PEREZ; JAMES
BROOKS, individually and as parent and natural
guardian of B.J., minor child; CHARLES
PARKER; MATTHEW BUNTING; JAMES
BUNTING; LINDA BUNTING; BRITTANY
GRIDER; AARON SCHIPS; ALANA SHUFF;
GLEN GEORGE; BERLINDA GEORGE;
MARY CRICHTON; BARBARA PEGRAM;
CHARLES PEGRAM; ELIZABETH
BARAJAS; JIMMY BARAJAS; STEPHANIE
LEGG; KEITH LEGG; STEPHANIE LEGG,
individually and as parent and natural guardian
of J.L., minor child; DEBRA CATO,
individually and as parent and natural guardian
of A.C. minor child, CONNIE MEDINA;
FRANK MEDINA; KIMBERLY VALERE,
individually and as parent and natural guardian
of E.V. minor child,; SHELDON VALERE;
DEBORAH ALLEE; PAUL LAMBIRD;
WILLIAM CLARK; MARISA CULP; MIKE
POPPE; MICHELLE TENNENT; ANDREW

TENNENT; MARK IZOLD; ROBBIE
BUSSARD; BETHA LUSBY; DEBRA BIRKS;
JAMES BIRKS; ROSA THOMAS; JACKIE
SAMUEL, individually and as parent and natural
guardian of A.S., X.G., L.S., and S.G., minor
children; EYDIE SAMUEL; MARGARET
COLE; MICHAEL MAZZEI; TROY MORRIS,
individually and as parent and natural guardian
of M.M., minor child; CARLA STEININGER-
MORRIS; BENJAMIN FUNKHOUSER; KERI
FUNKHOUSER; JIM WHITE; DAVID
BAGDON; SETH TROTTER; KERRY SMITH;
WILLIAM MCBRIDE; STEPHANIE LONG,
individually and as parent and natural guardian
of A.S., minor child; MARITTA HARRIS;
YVONNE ROSAS; GUADALUPE
BETANCOURT; JOSH MORSE; ROBERT
WADDELL; STEPHEN ELISHA, individually
and as parent and natural guardian of J.E., A.E.1,
A.E.2., and A.E.3; minor children; ELIZABETH
ELISHA; PHYLLIS FALLS; MICHAEL
FENLEY; EVELYN FENLEY; MARK
HURRY; DONNA MARTIN; JOLANE
FOSSEN; ALICIA ARPAD; JAN RICE;
RICARDO CASTRO-RIVERA; MARC
THIBAULT; SHIRLEY THIBAULT;
TIFFANY LYON-DOSHER; WILLIAM EDGE;
THOMAS KLASING; CHRISTOPHER
BARNETT; JON D BARNETT; PATRICIA
PATTERSON; MELANIE RODRIGUEZ;
MICHAEL FAUSON; LINDSAY BINNEY;
MARANDA SCHRADER; TODD DOMINGO;
PATRICIA SCHRADER; STEVEN BROWN;
TAMARA MCCULLOUGH; ROBERT
MCCULLOUGH; EBONE GORDON; VIVIAN
GORDON; KEVIN GORDON; DERRELL
GORDON; JANETTE INTEMANN,
individually and as parent and natural guardian
of H.M.1, H.M.2, minor children; STEVEN
ANDERSON; TESS EDMUNDSON; SHARON

2

LAROCCO; DIANA ROHRER; LOUIS
TRUJILLO; BONNIE SONNICHSEN;
CHARLOTTE BRECKENRIDGE; SERGIO
RANGEL; DEAN SCHWANTZ; JALENE C.
ARNOLD, individually and as parent and
natural guardian of A.W. and T.W., minor
children; GUY ROSE; BELINDA CHAMBERS;
DANIELLE Howe, individually and as parent
and natural guardian of J.H. and L.H., minor
children; JESSICA ELLIOTT; PATRICIA
ELLIOTT; RITA HAMANN; DUSTIN
DEMONJA; WANE DEMONJA; DARLENE
DEMONJA; ERWIN PALADINO; LAVON
COLEMAN; NICKOLAS SARGEMA; JOHN
RESSLER; MARILYNN WELCH; DANIEL
WELCH; MICHAEL LEWIS; LETHA
PHILLIPS; RAY SIMPSON; MARGARET
WARD; GLORIA SMOLIK, individually and as
parent and natural guardian of A.S.1 and A.S.2,
minor children; MICHAEL SMOLIK; ROBERT
NESS; MICHELLE MUCKELVANEY; JAMES
THOMPSON; BERNADETTE KENNY;
MILDRED FRAZIER; DONALD FRAZIER;
ANGELA LIBBEY-ARTMEIER; BERNARD
BALCK; RYAN SHUCK; SHARON
DARROW; PAUL DARROW; JOHN ARPAD;
MICHELLE FOOSHEE; BRIAN FOOSHEE;
SCOTT TOWNSEND, individually and as
parent and natural guardian of F.T.1, F.T.2, and
A.E., minor children; NICOLE TOWNSEND;
DEBRA FERGUSON; CHRIS MARONEY;
CIARAH KEEN; ANGELA LEYANNA,
individually and as parent and natural guardian
of J.L., minor child; NIKOLAS LEYANNA;
THERESA LEYANNA; DEBORAH
BABCOCK; MARY HALL; KENT
TREVILLION; ANGELA PAYNE; RYAN
PAYNE; MARTINA ESPINOZA; RICHARD
GALLUP; PAMELA GALLUP; IDA BRADY;
TINA HINES; CHRISTINE IVERSON; and

3

ROBERT GREEN,

*Plaintiffs*,

v.

THE 3M COMPANY, f/k/a Minnesota Mining
and Manufacturing, Co.; TYCO FIRE
PRODUCTS, L.P., successor in interest to THE
ANSUL COMPANY; BUCKEYE FIRE
EQUIPMENT CO.; CHEMGUARD;
NATIONAL FOAM, INC.; KIDDE FIRE
FIGHTING, INC., f/k/a CHUBB NATIONAL
FOAM, INC., f/k/a NATIONAL FOAM, INC.,
individually and as successor in interest to
NATIONAL FOAM, INC.; KIDDE PLC, INC.,
f/k/a WILLIAMS US INC., f/k/a WILLIAMS
HOLDINGS, INC., individually and as
successor in interest to NATIONAL FOAM,
INC.; KIDDE-FENWAL, INC., individually and
as successor in interest to NATIONAL FOAM,
INC.; and UTC FIRE & SECURITY
AMERICAS CORPORATION, INC., f/k/a GE
INTERLOGIX, INC., individually and as
successor in interest to NATIONAL FOAM,
INC.;

*Defendants.*

---

## COMPLAINT AND JURY DEMAND

---

Plaintiffs, by and through their undersigned counsel, hereby file this Complaint and Jury

Demand ("Complaint") against Defendants, THE 3M COMPANY, f/k/a Minnesota Mining and

Manufacturing, Co.; TYCO FIRE PRODUCTS L.P.; successor in interest to THE ANSUL

COMPANY; BUCKEYE FIRE PROTECTION CO.; CHEMGAURD; NATIONAL FOAM,

INC.; KIDDE FIRE FIGHTING, INC., f/k/a CHUBB NATIONAL FOA, INC.; KIDDE PLC,

INC., f/k/a WILLIAMS US INC., f/k/a WILLIAMS HOLDINGS, INC., individually and as a

successor in interest to NATIONAL FOAM, INC.; KIDDE-FENWAL, INC., individually and

4

as a successor in interest to NATIONAL FOAM, INC.; and UTC FIRE & SECURITY AMERICAS CORPORATION, INC., f/k/a GE INTERLOGIX, INC.; (collectively "Defendants"). Plaintiffs assert personal injury and/or property damage as a result of the contamination of the drinking water supply serving the Cities of Security, Widefield, and parts of Colorado Springs, and complain and allege on personal knowledge as to themselves, and on information and belief as to all other matters, as follows:

## INTRODUCTION

1.      The communities of Fountain, Security, Widefield, parts of Colorado Springs (collectively the "Communities") are all located in El Paso County, Colorado. This complaint is a related action to *Bell, et al., v. The 3M Company, et al*., 16-cv-2351-RBJ.

2.      The Communities are located in close proximity to and downgradient of Peterson Air Force Base and the Colorado Springs Municipal Airport, which share one property.

3.      The United States Air Force ("USAF") provided firefighting services to the Colorado Springs Municipal Airport, owned by the City of Colorado Springs through a joint use agreement. For purposes of this Complaint, the property of Peterson Air Force Base shall include the property of the Colorado Springs Municipal Airport and shall collectively be referred to as "PAFB."

4.      Residents of the Communities receive their potable water either from private wells or from their municipal water provider.

5.      The Communities receive municipal drinking water from the City of Fountain Utilities Department, the Security Water and Sanitation District, and the Widefield Water and Sanitation District.

6.      The Security Water and Sanitation District provides drinking water to approximately 19,000 residential and business customers.

7.      The City of Fountain Utilities Department provides drinking water to approximately 29,000 residential and business customers.

8.      The Widefield Water and Sanitation District provides drinking water to approximately 16,000 residential and business customers.

9.      On May 2, 2012, the United States Environmental Protection Agency ("USEPA") published its Third Unregulated Contaminant Monitoring Rule ("UCMR3"), requiring public water systems nationwide to monitor for thirty (30) contaminants of concern between 2013 and 2015.

10.     As part of the UCMR3, public water systems are required to sample for six perfluorinated compounds ("PFCs"), including perfluorooctanoic acid ("PFOA") and perfluorooctane sulfonate ("PFOS").

11.     In October 2015, the USEPA released results from UCMR3 that indicated the Communities' water supplies were contaminated with PFOA and PFOS.

12.     Prior to the disclosure of the UCMR3 data, there was no notification to the residents of the Communities that the water was contaminated with PFOA and PFOS.

13.     In May 2016, the USEPA established a drinking water health advisory level for PFOA and PFOS and warned that lifetime exposure to PFOA and PFOS over 70 parts per trillion ("ppt") was linked to the development of numerous serious medical conditions.

14.     In response to the USEPA's establishment of the 70 ppt health advisory level, the Communities' municipal water providers notified the residents in the Communities of the contamination and took action to reduce the PFOA and PFOS levels in the drinking water,

including shutting down wells, obtaining and/or purchasing alternative sources of water, and blending clean water with the contaminated water to lower the PFC level in their customers' water.

15.     It was in this same month that Plaintiffs were first made aware that their drinking water was contaminated with PFCs at hazardous levels and were advised to seek alternate drinking water supplies.

16.     Among the 63 areas nationwide where the USEPA found PFOA and PFOS exceeding the 70 ppt limit, federal data shows that the Communities exhibit some of the highest levels of contamination.[1]

17.     By this time, local newspapers were reporting that federal data showed that the water in all 32 of the Security Water and Sanitation District's municipal wells exhibited PFC contamination at levels exceeding the EPA health advisory limit of 70 ppt. At one well, PFC concentration reached 1,370 ppt, nearly 20 times in excess of the EPA health advisory.[2]

18.     EPA officials recommended that pregnant women and small children should not drink local water serving the Communities.[3]

19.     Subsequent investigations into the contamination were carried out by the United States Army Corps of Engineers on behalf of the USAF and the Colorado Department of Public Health & Environment ("CDPHE") and have uncovered widespread PFC contamination of the groundwater resources for the Communities.[4]

---

[1] Bruce Finley, *Drinking water in three Colorado cities contaminated with toxic chemicals above EPA limits*, DENVER POST, (June 15, 2016 4:08 PM), http://www.denverpost.com/2016/06/15/colorado-widefield-fountain-security-water-chemicals-toxic-epa/.

[2] *Id.*

[3] *Id*.

[4] Revised Final Preliminary Assessment Report for Perfluorinated Compounds at Peterson Air

20.    These investigations also concluded that the basis for this widespread contamination of the Communities' ground water is decades of use, storage, and disposal of aqueous film-forming foam ("AFFF") at PAFB that contained PFOA and PFOS.

21.    The CDPHE horizontally delineated the PFC plumes, designating these plumes as "Areas of Investigation" ("CDPHE Areas of Investigation").

22.    Defendants manufactured, sold, and distributed AFFF to PAFB despite their awareness that the inclusion of PFOA and PFOS in AFFF presented an unreasonable risk to human health and the environment and was inherently dangerous.

23.    The Defendants also knew that both PFOA and PFOS were highly soluble and mobile in water, highly likely to contaminate water supplies, highly persistent in the environment, and known to bio-accumulate in humans and contribute to the development of numerous serious health conditions, especially for sensitive receptors such as young children and pregnant and nursing women.

24.    The Defendants marketed and sold their products with knowledge that the USAF and PAFB would use large quantities of AFFF containing PFOA and PFOS in training operations and in emergency fire-fighting situations in such a manner that PFOA and PFOS would contaminate the air, soil, and groundwater.

25.    The Defendants marketed and sold their products with knowledge that large quantities of AFFF containing PFOA and PFOS would be stored in fire suppressant systems and tanks on USAF Bases and at airports, including PAFB, and that such systems and storage were

---

Force Base El Paso County, Colorado, U.S. Army Corps of Engineers (November 2016), http://www.peterson.af.mil/Portals/15/documents/Public%20Notices/552503_Revised%20Final%20Peterson%20AFB%20PA_11_2016.pdf?ver=2017-05-16-162140-693.

used and maintained in such a manner that dangerous chemicals would be released into the air, soil, and groundwater.

26.     The Defendants failed in their duty to manufacture a product that would not cause widespread harm and in their duty to warn the United States Department of Defense ("DOD"), the USAF, PAFB, the municipal water providers, and the residents in the surrounding Communities of the inherently dangerous properties of their AFFF products.

27.     There are over 64,000 residents of the Communities who were exposed to PFOA and PFOS contaminated drinking water from the City of Fountain, the Security Water and Sanitation District, the Widefield Water and Sanitation District, and private wells, all of which obtain groundwater from the CDPHE Areas of Investigation.

28.     The Plaintiffs in this complaint are all residents of the cities of Security, Widefield, and of Colorado Springs, Colorado.

<u>**Health Effects of PFOS and PFOA Exposure**</u>

29.     Many parties have studied PFOA and PFOS and have concluded that exposure to PFOA and PFOS is associated with the development of numerous serious medical conditions.

30.     PFOA, sometimes identified as C8 due to the common presence of eight carbons in the PFOA molecule, was the subject of a study formed out of a class action settlement arising out of water contamination from DuPont's Washington Works located in Wood County, West Virginia.

31.     The C8 Science Panel consisted of three epidemiologists specifically tasked with determining whether there was a link between PFOA exposure and human diseases.

32.     In 2012, the Panel found probable links between PFOA and kidney cancer, testicular cancer, ulcerative colitis, thyroid disease, pregnancy induced hypertension (including preeclampsia), and hypercholesterolemia.

33.     In May 2015, based on concerns about the production and release of PFOA into the environment, scientists and other professionals from a variety of disciplines issued the "Madrid Statement on Poly- and Perfluoroalkyl Substances (PFASs)," a policy statement calling for greater regulation, restrictions, and limits on the manufacture and handling of any PFOA containing product, as well as the development of safe, non-fluorinated alternatives to these products to avoid long-term harm to human health and the environment.

34.     In May 2016, the USEPA issued Lifetime Health Advisories advising against lifetime PFOA and PFOS exposure above 70 ppt.

35.     The USEPA's 70 ppt limit is designed to protect the population at large from exposure to harmful concentrations of PFOA and PFOS in drinking water above which adverse health effects are anticipated to occur.

36.     According to the USEPA Lifetime Health Advisory, the non-cancer adverse health effects observed following exposure to PFOS are the same as those observed with PFOA.

37.     Many states, however, have issued lower regulatory limits. For example, Vermont has set a combined level of 20 ppt for PFOA and PFOS and New Jersey has set a maximum contaminant level of 14 ppt for PFOA.

38.     On November 10, 2017, California listed PFOA and PFOS as chemicals known to the state to cause reproductive toxicity, pursuant to Proposition 65, The Safe Drinking Water and Toxic Enforcement Act of 1986.

39.     Colorado currently follows the USEPA Lifetime Health Advisory level of 70 ppt for combined lifetime exposure to PFOA and PFOS.

40.     The CDPHE has acknowledged that the link between PFOA and PFOS exposure and developmental effects has been strengthening, including low birth weight and accelerated puberty. It has also acknowledged that some human studies show that increased exposure may increase the risk for changes in blood cholesterol, liver enzymes, and uric acid levels, which may be linked with an elevated risk of heart disease, liver disease or high blood pressure.[5]

## PLAINTIFF'S EXPOSURE AND DAMAGES

41.     Years of ingestion and dermal absorption of contaminated water from the Fountain, Security, and Widefield water districts have exposed unknowing residents of the Communities to PFCs at concentrations hazardous to their health.

42.     Plaintiffs have been injured as a result of receiving water with elevated levels of PFCs, including PFOA and PFOS.

43.     Plaintiffs have suffered exposure, bioaccumulation of PFCs in their blood, personal injury, property damage, and the diminution of property values due to PFC contamination of the municipal and private water supplies caused by Defendants' manufacture, distribution, and sale of AFFF.

44.     The properties of the Plaintiffs have been damaged due to the presence of PFCs in their homes, soil, surrounding property, and potable water supply.

45.     Plaintiffs seek recovery from all Defendants for injuries, damages, and losses suffered by the Plaintiffs, each of whom suffered injuries as a direct and proximate result of exposure to and consumption of PFC-contaminated water from the municipal and private

---

[5] https://www.colorado.gov/pacific/cdphe/PFCs/health/advisory. (Last visited 4/11/18).

drinking water supplies, in an amount to be determined at trial, exclusive of interest, costs, and attorneys' fees.

## JURISDICTION AND VENUE

46.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 (a)(1) in that this action is between citizens of different States.

47.     This Court has jurisdiction over Defendants pursuant to C.R.S.§ 13-1-124.

48.     "Pursuant to 28 U.S.C. § 1332, a federal district court possesses original subject matter jurisdiction over a case when the parties are diverse in citizenship and the amount in controversy exceeds $75,000.00. *See Johnson v. Rodrigues*, 226 F.3d 1103, 1107 (10th Cir. 2000). The value of the case exceeds the jurisdictional threshold value of $75,000.00, exclusive of all interest and costs, taking into account the nature and extent of the injuries and damages sustained by each individual Plaintiff, and the reasonable economic and non-economic injuries and damages sustained by each individual Plaintiff."

49.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims asserted herein occurred in the District of Colorado and caused harm to Plaintiffs, all of whom reside in this District.

## PARTIES

50.     Plaintiff Andrew Padilla, individually and as parent and natural guardian of A.P., currently resides at 500 Harvest Moon Road, Fountain, CO 80817 with minor child A.P. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Andrew Padilla and A.P. have elevated levels of PFOA, PFOS, and/or PFCs in their blood, and Andrew Padilla has been diagnosed with Thyroid Problems and High Cholesterol.

51.     Plaintiff Robert Hampton currently resides at Jemez Lane, Fountain, CO 80817. As a result of Robert Hampton's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Robert Hampton has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

52.     Plaintiff Micheal Mcirvin currently resides at 100 Landoe Lane, Colorado Springs, CO 80911. As a result of Micheal Mcirvin's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Micheal Mcirvin has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

53.     Plaintiff Thomas Flores currently resides at 1000 Main Street, Colorado Springs, CO 80911. As a result of Thomas Flores's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Thomas Flores has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

54.     Plaintiff Marie Flores currently owns and resides at 1000 Main Street, Colorado Springs, CO 80911. As a result of Marie Flores's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Marie Flores has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed wth Pregancy Problems.

55.     Plaintiff Maureen Canady currently owns and resides at 1001 Evergreen Drive, Colorado Springs, CO 80911. As a result of Maureen Canady's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Maureen Canady has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diangosed with Thyroid Disease.

56.     Plaintiff Eugene Canady currently owns and resides at 1001 Evergreen Drive, Colorado Springs, CO 80911. As a result of Eugene Canady's exposure to elevated levels of

PFOA, PFOS, and/or PFCs in the drinking water supply, Eugene Canady has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with Thryoid Disease.

57.    Plaintiff Shea Vera currently resides at 1003 Rustique Drive, Colorado Springs, CO 80817. As a result of Shea Vera's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Shea Vera has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood

58.    Plaintiff Terry Conner currently owns and resides at 1005 Crandall Dr, Colorado Springs, CO 80911. As a result of Terry Conner's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Terry Conner has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

59.    Plaintiff Jeffery Conner currently owns and resides at 1005 Crandall Dr, Colorado Springs, CO 80911. As a result of Jeffery Conner's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Jeffery Conner has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

60.    Plaintiff Deborah Ward-Garrison currently resides at 101 Hayes Drive, Security, CO 80911. As a result of Deborah Ward-Garrison's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Deborah Ward-Garrison has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

61.    Plaintiff Ronell Massie currently resides at 101 Norman Drive, Colorado Springs, CO 80911. As a result of Ronell Massie's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Ronell Massie has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

62.    Plaintiff Kimberly Massie currently resides at 101 Norman Drive, Colorado Springs, CO 80911. As a result of Kimberly Massie's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Kimberly Massie has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

63.    Plaintiff Joseph Warrington currently owns and resides at 1015 Harbourne Street, Colorado Springs, CO 80911. As a result of Joseph Warrington's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Joseph Warrington has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

64.    Plaintiff Jacquelin Warrington currently owns and resides at 1015 Harbourne Street, Colorado Springs, CO 80911. As a result of Jacquelin Warrington's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Jacquelin Warrington has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

65.    Plaintiff Joy Warrington currently resides at 1015 Harbourne Street, Colorado Springs, CO 80911. As a result of Joy Warrington's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Joy Warrington has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with Thyroid Disease

66.    Plaintiff Jaci Olson currently resides at 1018 Grinde Drive, Fountain, CO 80817. As a result of Jaci Olson's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Jaci Olson has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

67.    Plaintiff Kipp Olson currently resides at 1018 Grinde Drive, Fountain, CO 80817. As a result of Kipp Olson's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the

drinking water supply, Kipp Olson has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

68.    Plaintiff Stephen Portugal, individually and as parent and natural guardian of J.P., currently owns and resides at 102 Judson Street, Colorado Springs, CO 80911 with minor child J.P. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Stephen Portugal and J.P. have elevated levels of PFOA, PFOS, and/or PFCs in their blood.

69.    Plaintiff Stephen Portugal, individually and as parent and natural guardian of M.P., currently owns and resides at 102 Judson Street, Colorado Springs, CO 80911 with minor child M.P. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Stephen Portugal and M.P. have elevated levels of PFOA, PFOS, and/or PFCs in their blood.

70.    Plaintiff Angela Portugal currently owns and resides at 102 Judson Street, Colorado Springs, CO 80911. As a result of Angela Portugal's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Angela Portugal has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

71.    Plaintiff Thomas Fugett currently resides at 1030 Magic Lamp Way Unit E, Monument, CO 80132. As a result of Thomas Fugett's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Thomas Fugett has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

72.    Plaintiff Nicole Hood currently resides at 10318 Mount Evans Drive, Peyton, CO 80831. Nicole Hood lived at 407 Quebec Street,Security, CO 80911 for all times relevant herein. As a result of Nicole Hood's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the

drinking water supply, Nicole Hood has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with pregnancy problems.

73.    Plaintiff Richard Sinclair currently owns and resides at 10319 Buck Rake Court, Fountain, CO 80817. As a result of Richard Sinclair's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Richard Sinclair has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with Thyroid Problems

74.    Plaintiff Yandel Perez currently resides at 10319 Desert Bloom Way, Colorado Springs, CO 80925. As a result of Yandel Perez's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Yandel Perez has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol.

75.    Plaintiff James Brooks, individually and as parent and natural guardian of B.J., currently owns and resides at 10323 Decleration Drive, Colorado Springs, CO 80925 with minor child B.J. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, James Brooks and B.J. have elevated levels of PFOA, PFOS, and/or PFCs in their blood..

76.    Plaintiff Charles Parker currently owns and resides at 10355 Desert Bloom Way, Colorado Springs, CO 80925. As a result of Charles Parker's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Charles Parker has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

77.    Plaintiff Matthew Bunting currently resides at 10431 Mile Post Loop, Fountain, CO 80817. As a result of Matthew Bunting's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Matthew Bunting has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

78.     Plaintiff James Bunting currently resides at 10431 Mile Post Loop, Fountain, CO 80817. As a result of James Bunting's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, James Bunting has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

79.     Plaintiff Linda Bunting currently resides at 10431 Mile Post Loop, Fountain, CO 80817. As a result of Linda Bunting's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Linda Bunting has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

80.     Plaintiff Brittany Grider currently resides at 105 Wellington Street, Fountain, CO 80817. As a result of Brittany Grider's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Brittany Grider has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

81.     Plaintiff Aaron Schips currently resides at 1060 Melinda Lane, Monument, CO 80132. At all times relevant hereing, Plaintiff resided at 1535 Leigh Lane, Fountain, Colorado, 80817.  As a result of Aaron Schips's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Aaron Schips has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

82.     Plaintiff Alana Shuff currently resides at 1062 Nolte Dr W, Colorado Springs, CO 80916. As a result of Alana Shuff's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Alana Shuff has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood and has been diagnosed with Pregancy Problems.

83.     Plaintiff Glen George currently resides at 10635 Double D Road, Fountain, CO 80817. As a result of Glen George's exposure to elevated levels of PFOA, PFOS, and/or PFCs in

the drinking water supply, Glen George has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with Thyroid Problems, Ulcerative Colitis, and High Cholesterol.

84.    Plaintiff Berlinda George currently owns and resides at 10635 Double D Road, Fountain, CO 80817. As a result of Berlinda George's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Berlinda George has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diangosed with Thyroid Problems.

85.    Plaintiff Mary Crichton currently resides at 10677 Darneal Drive, Fountain, CO 80817. As a result of Mary Crichton's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Mary Crichton has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

86.    Plaintiff Barbara Pegram currently owns and resides at 1068 Pond Side Drive, Colorado Springs, CO 80911. As a result of Barbara Pegram's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Barbara Pegram has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

87.    Plaintiff Charles Pegram currently owns and resides at 1068 Pond Side Drive, Colorado Springs, CO 80911. As a result of Charles Pegram's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Charles Pegram has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

88.    Plaintiff Elizabeth Barajas currently owns and resides at 10688 Abrams Drive, Colorado Springs, CO 80925. As a result of Elizabeth Barajas's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Elizabeth Barajas has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

89.     Plaintiff Jimmy Barajas currently owns and resides at 10688 Abrams Drive, Colorado Springs, CO 80925. As a result of Jimmy Barajas's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Jimmy Barajas has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with Thyroid Disease and High cholestero.

90.     Plaintiff Stephanie Legg currently owns and resides at 107 Widefield Blvd, Colorado Springs, CO 80911. As a result of Stephanie Legg's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Stephanie Legg has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

91.     Plaintiff Keith Legg currently owns and resides at 107 Widefield Blvd, Colorado Springs, CO 80911. As a result of Keith Legg's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Keith Legg has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

92.     Plaintiff Stephanie Legg, individually and as parent and natural guardian of J.L., currently resides at 107 Widefield Boulevard, Colorado Springs, CO 80911 with minor child J.L. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Stephanie Legg and J.L. have elevated levels of PFOA, PFOS, and/or PFCs in their blood.

93.     Plaintiff Debra Cato, individually and as parent and natural guardian of A.C., currently owns and resides at 10710 Falling Star Rd, Fountain, CO 80817 with minor child A.C. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Debra Cato and A.C. have elevated levels of PFOA, PFOS, and/or PFCs in their blood, and Debra Cato has been diagnosed with High Chloesterol.

94.    Plaintiff Connie Medina currently resides at 10720 Peaceful Valley Road, Colorado Springs, CO 80925. As a result of Connie Medina's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Connie Medina has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

95.    Plaintiff Frank Medina currently resides at 10720 Peaceful Valley Road, Colorado Springs, CO 80925. As a result of Frank Medina's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Frank Medina has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

96.    Plaintiff Kimberly Valere, individually and as parent and natural guardian of E.V., currently resides at 1076 Swayback Drive North, Fountain, CO 80817 with minor child E.V. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Kimberly Valere and E.V. have elevated levels of PFOA, PFOS, and/or PFCs in their blood.

97.    Plaintiff Sheldon Valere currently owns and resides at 1076 Swayback Drive North, Fountain, CO 80817. As a result of Sheldon Valere's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Sheldon Valere has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with Thyroid Problems.

98.    Plaintiff Deborah Allee currently owns and resides at 1082 Swayback Drive N, Fountain, CO 80817. As a result of Deborah Allee's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Deborah Allee has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with Thyroid Problems.

99.    Plaintiff Paul Lambird currently owns and resides at 1085 Barnum Dr, Colorado Springs, CO 80911. As a result of Paul Lambird's exposure to elevated levels of PFOA, PFOS,

and/or PFCs in the drinking water supply, Paul Lambird has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol; Thyroid Problems.

100.     Plaintiff William Clark currently owns and resides at 10850 Falling Star Rd, Fountain, CO 80817. As a result of William Clark's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, William Clark has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

101.     Plaintiff Marisa Culp currently resides at 10855 Peaceful Valley Road, Colorado Springs, CO 80925. As a result of Marisa Culp's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Marisa Culp has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

102.     Plaintiff Mike Poppe currently owns and resides at 10871 McGahan Drive, Fountain, CO 80817. As a result of Mike Poppe's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Mike Poppe has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol.

103.     Plaintiff Michelle Tennent currently resides at 10892 Darneal Drive, Colorado Springs, CO 80817. As a result of Michelle Tennent's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Michelle Tennent has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

104.     Plaintiff Andrew Tennent currently owns and resides at 10892 Darneal Drive, Colorado Springs, CO 80817. As a result of Andrew Tennent's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Andrew Tennent has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

105. Plaintiff Mark Izold currently owns and resides at 10895 McGahan Drive, Fountain, CO 80817. As a result of Mark Izold's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Mark Izold has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with Thyroid Problems and High Cholesterol.

106. Plaintiff Robbie Bussard currently resides at 109 Jasper Drive, Colorado Springs, CO 80911. As a result of Robbie Bussard's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Robbie Bussard has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's bloodbirks, deb

107. Plaintiff Betha Lusby currently resides at 109 Watson Blvd., Colorado Springs, CO 80911. As a result of Betha Lusby's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Betha Lusby has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

108. Plaintiff Debra Birks currently owns and resides at 10900 Old Pueblo Road, Fountain, CO 80817. As a result of Debra Birks's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Debra Birks has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol.

109. Plaintiff James Birks currently owns and resides at 10900 Old Pueblo Road, Fountain, CO 80817. As a result of James Birks's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, James Birks has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol.

110. Plaintiff Rosa Thomas currently resides at 10942 Checko Way, Peyton, CO 80831. Rosa thomas lived at 509 Kiva Road, Security, CO 80911 and 909 Grinde Drive,

Colorado Springs,CO 80817 for all times relevant herein As a result of Rosa Thomas's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Rosa Thomas has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

111.    Plaintiff Jackie Samuel, individually and as parent and natural guardian of A.S., currently resides at 10957 Hidden Prairie Pkwy., Fountain, CO 80817 with minor child A.S. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Jackie Samuel and A.S. have elevated levels of PFOA, PFOS, and/or PFCs in their blood.

112.    Plaintiff Jackie Samuel, individually and as parent and natural guardian of X.G., currently resides at 10957 Hidden Prairie Pkwy., Fountain, CO 80817 with minor child X.G. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Jackie Samuel and X.G. have elevated levels of PFOA, PFOS, and/or PFCs in their blood.

113.    Plaintiff Jackie Samuel, individually and as parent and natural guardian of L.S., currently resides at 10957 Hidden Prairie Pkwy., Fountain, CO 80817 with minor child L.S. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Jackie Samuel and L.S. have elevated levels of PFOA, PFOS, and/or PFCs in their blood.

114.    Plaintiff Jackie Samuel, individually and as parent and natural guardian of S.G., currently resides at 10957 Hidden Prairie Pkwy., Fountain, CO 80817 with minor child S.G. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Jackie Samuel and S.G. have elevated levels of PFOA, PFOS, and/or PFCs in their blood.

115.     Plaintiff Eydie Samuel currently resides at 10957 Hidden Prairie Pkwy., Fountain, CO 80817. As a result of Eydie Samuel's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Eydie Samuel has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

116.     Plaintiff Margaret Cole currently resides at 110 Hays Dr, Colorado Springs, CO 80911. As a result of Margaret Cole's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Margaret Cole has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

117.     Plaintiff Michael Mazzei currently resides at 110 Hays Dr, Colorado Springs, CO 80911. As a result of Michael Mazzei's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Michael Mazzei has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

118.     Plaintiff Troy Morris, individually and as parent and natural guardian of M.M., currently resides at 11016 Berry Farm Road, Fountain, CO 80817 with minor child M.M. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Troy Morris and M.M. have elevated levels of PFOA, PFOS, and/or PFCs in their blood.

119.     Plaintiff Carla Steininger-Morris currently resides at 11016 Berry Farm Road, Fountain, CO 80817. As a result of Carla Steininger-Morris's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Carla Steininger-Morris has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

120.     Plaintiff Benjamin Funkhouser currently owns and resides at 1109 Rosemont Drive, Security, CO 80911. As a result of Benjamin Funkhouser's exposure to elevated levels of

25

PFOA, PFOS, and/or PFCs in the drinking water supply, Benjamin Funkhouser has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

121.    Plaintiff Keri Funkhouser currently resides at 1109 Rosemont Drive, Security, CO 80911. As a result of Keri Funkhouser's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Keri Funkhouser has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

122.    Plaintiff Jim White currently owns and resides at 111 S. Main, Fountain, CO 80817. As a result of Jim White's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Jim White has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

123.    Plaintiff David Bagdon currently resides at 1111 Livingston Street, Colorado Springs, CO 80906. As a result of David Bagdon's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, David Bagdon has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

124.    Plaintiff Seth Trotter currently resides at 112 Everett Dr., Security, CO 80911. As a result of Seth Trotter's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Seth Trotter has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

125.    Plaintiff Kerry Smith currently owns and resides at 112 Ithaca, Security, CO 80911. As a result of Kerry Smith's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Kerry Smith has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

126.    Plaintiff William McBride currently owns and resides at 1120 Lords Hill Drive, Fountain, CO 80817. As a result of William McBride's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, William McBride has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

127.    Plaintiff Stephanie Long, individually and as parent and natural guardian of A.S., currently resides at 1122 Cancun Court, Colorado Springs, CO 80910 with minor child A.S. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Stephanie Long and A.S. have elevated levels of PFOA, PFOS, and/or PFCs in their blood, and Stephanie Long has been diagnosed with Thyroid Problems.

128.    Plaintiff Stephanie Long currently resides at 1122 Cancun Court, Colorado Springs, CO 80910. As a result of Stephanie Long's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Stephanie Long has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and Stephanie Long has been diagnosed with Thyroid Problems.

129.    Plaintiff Maritta Harris resided at 11227 Pyramid Peak Dr., Peyton, CO 80831 for all times relevant herein. Maritta Harris lived at 3910 Cook Drive, Colorado Springs, CO 80911 for all times relevant herein. As a result of Maritta Harris's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Maritta Harris has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

130.    Plaintiff Yvonne Rosas currently resides at 1124 Hollandpark Blvd APT. 1, Colorado Springs, CO 80907. As a result of Yvonne Rosas's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Yvonne Rosas has elevated levels of

PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol; Thyroid Problems.

131.    Plaintiff Guadalupe Betancourt currently resides at 1125 Brockdell #3, Colorado Springs, CO 80912. As a result of Guadalupe Betancourt's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Guadalupe Betancourt has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

132.    Plaintiff Josh Morse currently owns and resides at 1126 Hill Mesa Court, Colorado Springs, CO 80905. As a result of Josh Morse's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Josh Morse has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

133.    Plaintiff Robert Waddell currently owns and resides at 11263 Berry Farm Road, Fountain, CO 80817. As a result of Robert Waddell's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Robert Waddell has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol; Ulcerative Colitis.

134.    Plaintiff Stephen Elisha, individually and as parent and natural guardian of J.E., currently owns and resides at 11349 Stanwood Lane, Fountain, CO 80817 with minor child J.E. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Stephen Elisha and J.E. have elevated levels of PFOA, PFOS, and/or PFCs in their blood, and Stephen Elisha has been diagnosed with High Cholesterol.

135.    Plaintiff Stephen Elisha, individually and as parent and natural guardian of A.E.1, currently owns and resides at 11349 Stanwood Lane, Fountain, CO 80817 with minor child A.E.1 As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the

drinking water supply, Stephen Elisha and A.E.1 have elevated levels of PFOA, PFOS, and/or PFCs in their blood, and Stephen Elisha has been diagnosed with High Cholesterol.

136.    Plaintiff Stephen Elisha, individually and as parent and natural guardian of A.E.2, currently owns and resides at 11349 Stanwood Lane, Fountain, CO 80817 with minor child A.E.2. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Stephen Elisha and A.E.2 have elevated levels of PFOA, PFOS, and/or PFCs in their blood, and Stephen Elisha has been diagnosed with High Cholesterol.

137.    Plaintiff Stephen Elisha, individually and as parent and natural guardian of A.E.3, currently owns and resides at 11349 Stanwood Lane, Fountain, CO 80817 with minor child A.E.3 As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Stephen Elisha and A.E.3 have elevated levels of PFOA, PFOS, and/or PFCs in their blood, and Stephen Elisha has been diagnosed with High Cholesterol.

138.    Plaintiff Elizabeth Elisha currently owns and resides at 11349 Stanwood Lane, Fountain, CO 80817. As a result of Elizabeth Elisha's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Elizabeth Elisha has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol; Thyroid Problems.

139.    Plaintiff Phyllis Falls currently resides at 11380 Old Pueblo Road, Fountain, CO 80817. As a result of Phyllis Falls's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Phyllis Falls has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol.

140.    Plaintiff Michael Fenley currently resides at 114 Dartmouth St. South, Colorado Springs, CO 80911. As a result of Michael Fenley's exposure to elevated levels of PFOA, PFOS,

and/or PFCs in the drinking water supply, Michael Fenley has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with Thyroid Problems.

141.    Plaintiff Evelyn Fenley currently owns and resides at 114 Dartmouth St. South, Colorado Springs, CO 80911. As a result of Evelyn Fenley's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Evelyn Fenley has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with Thyroid Disease.

142.    Plaintiff Mark Hurry currently owns and resides at 114 Linden Dr, Colorado Springs, CO 80911. As a result of Mark Hurry's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Mark Hurry has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with Thyroid Problems.

143.    Plaintiff Donna Martin currently resides at 1146 Fontmore Road Unit C, Colorado Springs, CO 80904. As a result of Donna Martin's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Donna Martin has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with Thyroid Problems.

144.    Plaintiff Jolane Fossen currently owns and resides at 115 Easy Street, Colorado Springs, CO 80911. As a result of Jolane Fossen's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Jolane Fossen has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol.

145.    Plaintiff Alicia Arpad currently resides at 115 Watson Blvd., Security, CO 80911. As a result of Alicia Arpad's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Alicia Arpad has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

146.    Plaintiff Jan Rice currently owns and resides at 1150 Park View Road, Woodland Park, CO 80863. As a result of Jan Rice's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Jan Rice has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

147.    Plaintiff Ricardo Castro-Rivera currently owns and resides at 1155 Hallamwood Drive, Colorado Springs, CO 80911. As a result of Ricardo Castro-Rivera's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Ricardo Castro-Rivera has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol.

148.    Plaintiff Marc Thibault currently owns and resides at 116 Grand Blvd, Colorado Springs, CO 80911. As a result of Marc Thibault's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Marc Thibault has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol.

149.    Plaintiff Shirley Thibault currently owns and resides at 116 Grand Blvd, Colorado Springs, CO 80911. As a result of Shirley Thibault's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Shirley Thibault has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol.

150.    Plaintiff Tiffany Lyon-Dosher currently resides at 116 Harvard Street, Colorado Springs, CO 80911. As a result of Tiffany Lyon-Dosher's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Tiffany Lyon-Dosher has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

151.    Plaintiff William Edge currently resides at 116 Sitka Drive, Colorado Springs, CO 80911. As a result of William Edge's exposure to elevated levels of PFOA, PFOS, and/or PFCs

in the drinking water supply, William Edge has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol.

152.    Plaintiff Thomas Klasing currently resides at 1160 Vista Oaks Dr., Colorado Springs, CO 80921. As a result of Thomas Klasing's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Thomas Klasing has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

153.    Plaintiff Christopher Barnett currently owns and resides at 11600 Green spring Road, Colorado Springs, CO 80925. As a result of Christopher Barnett's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Christopher Barnett has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

154.    Plaintiff Jon D Barnett currently owns and resides at 11600 Green Spring Road, Colorado Springs, CO 80908. As a result of Jon D Barnett's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Jon D Barnett has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol.

155.    Plaintiff Patricia Patterson currently resides at 1165 Marsh Hawk Dr., Colorado Springs, CO 80911. As a result of Patricia Patterson's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Patricia Patterson has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

156.    Plaintiff Melanie Rodriguez currently owns and resides at 1169 Antrim Loop, Colorado Springs, CO 80910. As a result of Melanie Rodriguez's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Melanie Rodriguez has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with Pregnancy Problems.

157.    Plaintiff Michael Fauson currently resides at 117 Larch Drive, Colorado Springs, CO 80911. As a result of Michael Fauson's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Michael Fauson has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

158.    Plaintiff Lindsay Binney currently resides at 1170 South Eaton Circle Apt. 3G, Castle Rock, CO 80104. As a result of Lindsay Binney's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Lindsay Binney has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

159.    Plaintiff Maranda Schrader currently resides at 118 Arlen Street, Colorado Springs, CO 80909. As a result of Maranda Schrader's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Maranda Schrader has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

160.    Plaintiff Todd Domingo currently resides at 118 Arlen Street, Colorado Springs, CO 80909. As a result of Todd Domingo's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Todd Domingo has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol.

161.    Plaintiff Patricia Schrader currently resides at 118 Arlene Street, Colorado Springs, CO 80909. As a result of Patricia Schrader's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Patricia Schrader has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol; Pregnancy Problems.

162.    Plaintiff Steven Brown currently resides at 1180 Pond Side Drive, Colorado Springs, CO 80911. As a result of Steven Brown's exposure to elevated levels of PFOA, PFOS,

and/or PFCs in the drinking water supply, Steven Brown has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

163.    Plaintiff Tamara McCullough currently resides at 11815 Calle Corvo, Colorado Springs, CO 80926. As a result of Tamara McCullough's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Tamara McCullough has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

164.    Plaintiff Robert McCullough currently resides at 11815 Calle Corvo, Colorado Springs, CO 80926. As a result of Robert McCullough's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Robert McCullough has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

165.    Plaintiff Ebone Gordon currently resides at 1185 Goodview Court, Security, CO 80911. As a result of Ebone Gordon's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Ebone Gordon has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

166.    Plaintiff Vivian Gordon currently resides at 1185 Goodview Court, Colorado Springs, CO 80911. As a result of Vivian Gordon's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Vivian Gordon has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

167.    Plaintiff Kevin Gordon currently resides at 1185 Goodview Court, Security, CO 80911. As a result of Kevin Gordon's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Kevin Gordon has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

168.     Plaintiff Derrell Gordon currently resides at 1185 Goodview Ct, Colorado Springs, CO 80911. As a result of Derrell Gordon's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Derrell Gordon has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

169.     Plaintiff Janette Intemann, individually and as parent and natural guardian of H.M.1, currently resides at 11881 Royal Ortrush Court, Peyton, CO 80831 with minor child H.M.1. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Janette Intemann and H.M.1 have elevated levels of PFOA, PFOS, and/or PFCs in their blood, and Janette Intemann has been diagnosed with High Cholesterol.

170.     Plaintiff Janette Intemann, individually and as parent and natural guardian of H.M.2, currently resides at 11881 Royal Ortrush Ct, Peyton, CO 80831 with minor child H.M.2. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Janette Intemann and H.M.2. have elevated levels of PFOA, PFOS, and/or PFCs in their blood, and Janette Intemann has been diagnosed with High Cholesterol.

171.     Plaintiff Steven Anderson currently resides at 119 Estrella Vista, Colorado Springs, CO 80911. As a result of Steven Anderson's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Steven Anderson has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

172.     Plaintiff Tess Edmundson currently owns and resides at 119 Grinell St., Colorado Springs, CO 80911. As a result of Tess Edmundson's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Tess Edmundson has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol; Pregnancy Problems.

173.    Plaintiff Sharon LaRocco currently resides at 119 North Roosevelt Street, Colorado Springs, CO 80909. As a result of Sharon LaRocco's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Sharon LaRocco has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

174.    Plaintiff Diana Rohrer currently resides at 1191 Vaghabond Creek Drive, Lake George, CO 80827. As a result of Diana Rohrer's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Diana Rohrer has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

175.    Plaintiff Louis Trujillo currently resides at 1192 E Orchid Drive, Pueblo, CO 81007. As a result of Louis Trujillo's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Louis Trujillo has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

176.    Plaintiff Bonnie Sonnichsen currently resides at 11925 Gull Ln, Peyton, CO 80831. As a result of Bonnie Sonnichsen's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Bonnie Sonnichsen has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

177.    Plaintiff Charlotte Breckenridge currently resides at 120 Ithaca Street, Colorado Springs, CO 80911. As a result of Charlotte Breckenridge's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Charlotte Breckenridge has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

178.    Plaintiff Sergio Rangel currently resides at 120 Larch Dr., Security, CO 80911. As a result of Sergio Rangel's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the

drinking water supply, Sergio Rangel has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

179.    Plaintiff Dean Schwantz currently resides at 1201 South Nevada Apt 143, Colorado Springs, CO 80903. As a result of Dean Schwantz's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Dean Schwantz has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol; Ulcerative Colitis.

180.    Plaintiff Jalene C. Arnold, individually and as parent and natural guardian of A.W., currently resides at 1206 Norwood Ave, Colorado Springs, CO 80905 with minor child A.W. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Jalene C. Arnold and A.W. have elevated levels of PFOA, PFOS, and/or PFCs in their blood.

181.    Plaintiff Jalene C. Arnold, individually and as parent and natural guardian of T.W., currently resides at 1206 Norwood Ave, Colorado Springs, CO 80905 with minor child T.W. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Jalene C. Arnold and T.W. have elevated levels of PFOA, PFOS, and/or PFCs in their blood.

182.    Plaintiff Guy Rose currently resides at 121 Everett Drive, Security, CO 80911. As a result of Guy Rose's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Guy Rose has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

183.    Plaintiff Belinda Chambers currently resides at 121 W. Missouri Avenue, Fountain, CO 80817. As a result of Belinda Chambers's exposure to elevated levels of PFOA,

PFOS, and/or PFCs in the drinking water supply, Belinda Chambers has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

184.     Plaintiff Danielle Howe, individually and as parent and natural guardian of J.H., currently resides at 12104 Kaufman Point, Peyton, CO 80831 with minor child J.H. Danielle Howe, indvidually and as parent and natural guardian of J.H., lived at ived at 7360 Waterwheel Street, Colorado Springs, CO 80911, 6540 Giddfield Drive, Colorado Springs, CO 80911 and 6635 Brookforest Drive, Colorado Springs, CO 80911 for all times relevant herein. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Danielle Howe and J.H. have elevated levels of PFOA, PFOS, and/or PFCs in their blood, and Danielle Howe has been diagnosed with High Cholesterol.

185.     Plaintiff Danielle Howe, individually and as parent and natural guardian of L.H., currently resides at 12104 Kaufman Point, Peyton, CO 80831 with minor child L.H. Danielle Howe, indvidually and as parent and natural guardian of L.H., lived at ived at 7360 Waterwheel Street, Colorado Springs, CO 80911, 6540 Giddfield Drive, Colorado Springs, CO 80911 and 6635 Brookforest Drive, Colorado Springs, CO 80911 for all times relevant herein. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Danielle Howe and L.H. have elevated levels of PFOA, PFOS, and/or PFCs in their blood, and Danielle Howe has been diagnosed with High Cholesterol.

186.     Plaintiff Jessica Elliott currently resides at 12110 Preston Place, Peyton, CO 80831. Jessica Elliot lived at 505 Grand Blvd., Security, CO 80911 for all times relevant herein. As a result of Jessica Elliott's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Jessica Elliott has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

187.    Plaintiff Patricia Elliott currently resides at 12110 Preston Place, Peyton, CO 80831. Patricia Elliot lived at 505 Grand Blvd., Security, CO 80911 for all times relevant herein.As a result of Patricia Elliott's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Patricia Elliott has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

188.    Plaintiff Rita Hamann currently resides at 1212 Falcon Avenue, Colorado Springs, CO 80905. As a result of Rita Hamann's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Rita Hamann has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

189.    Plaintiff Dustin Demonja currently resides at 12150 Garrett Road, Peyton, CO 80831. Dustin Demonja lived at 13 Hayes Drive, Security, CO 80911 for all times relevant herein. As a result of Dustin Demonja's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Dustin Demonja has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol; Thyroid Problems.

190.    Plaintiff Wane Demonja currently owns and resides at 12150 Garrett Road, Peyton, CO 80831. Wane Demonja lived at 13 Hayes Drive, Security, CO 80911 for all times relevant herein. As a result of Wane Demonja's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Wane Demonja has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol.

191.    Plaintiff Darlene Demonja currently resides at 12150 Garrett Road, Peyton, CO 80831. Darlene Demonja lived at 13 Hayes Drive, Security, CO 80911 for all times relevant herein. As a result of Darlene Demonja's exposure to elevated levels of PFOA, PFOS, and/or

PFCs in the drinking water supply, Darlene Demonja has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with Thyroid Problems.

192.    Plaintiff Erwin Paladino currently resides at 1218 Lehmberg Blvd, Colorado Springs, CO 80915. As a result of Erwin Paladino's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Erwin Paladino has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

193.    Plaintiff Lavon Coleman currently resides at 122 Estrella Vista, Security, CO 80911. As a result of Lavon Coleman's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Lavon Coleman has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

194.    Plaintiff Nickolas Sargema currently resides at 12258 Crystal Downs Road, Peyton, CO 80831. Nickolas Sargema lived at 5185 Water Dipper Road, Colorado Springs, CO 80911 for all times relevant herein. As a result of Nickolas Sargema's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Nickolas Sargema has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with Thyroid Problems.

195.    Plaintiff John Ressler currently resides at 1226 Marsh Hawk Drive, Colorado Springs, CO 80911. As a result of John Ressler's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, John Ressler has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

196.    Plaintiff Marilynn Welch currently resides at 12270 Gould Road, Fountain, CO 80817. As a result of Marilynn Welch's exposure to elevated levels of PFOA, PFOS, and/or

PFCs in the drinking water supply, Marilynn Welch has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

197.    Plaintiff Daniel Welch currently resides at 12270 Gould Road, Fountain, CO 80817. As a result of Daniel Welch's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Daniel Welch has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

198.    Plaintiff Michael Lewis currently resides at 124 Cornell Street, Colorado Springs, CO 80911. As a result of Michael Lewis's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Michael Lewis has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

199.    laintiff Letha Phillips currently resides at 124 Sitka Drive. Unit H, Colorado Springs, CO 80911. As a result of Letha Phillips's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Letha Phillips has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

200.    Plaintiff Ray Simpson currently resides at 12406 Old Pueblo Road, Fountain, CO 80817. As a result of Ray Simpson's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Ray Simpson has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

201.    Plaintiff Margaret Ward currently owns and resides at 12406 Old Pueblo Road, Fountain, CO 80817. As a result of Margaret Ward's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Margaret Ward has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol.

202.    Plaintiff Gloria Smolik, individually and as parent and natural guardian of A.S.1, currently owns and resides at 12425 Old Pueblo Road, Fountain, CO 80817 with minor child A.S.1. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Gloria Smolik and A.S.1 have elevated levels of PFOA, PFOS, and/or PFCs in their blood.

203.    Plaintiff Gloria Smolik, individually and as parent and natural guardian of A.S.2, currently owns and resides at 12425 Old Pueblo Road, Fountain, CO 80817 with minor child A.S.2. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Gloria Smolik and A.S.2 have elevated levels of PFOA, PFOS, and/or PFCs in their blood.

204.    Plaintiff Michael Smolik currently owns and resides at 12425 Old Pueblo Road, Fountain, CO 80817. As a result of Michael Smolik's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Michael Smolik has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

205.    Plaintiff Robert Ness currently resides at 12505 Partridge Lane, Peyton, CO 80831. As a result of Robert Ness's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Robert Ness has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

206.    Plaintiff Michelle Muckelvaney currently resides at 126 Ely Street, Colorado Springs, CO 80911. As a result of Michelle Muckelvaney's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Michelle Muckelvaney has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

207.    Plaintiff James Thompson currently resides at 12673 Dexter Street, Colorado Springs, CO 80911. As a result of James Thompson's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, James Thompson has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

208.    Plaintiff Bernadette Kenny currently resides at 127 Kokomo Street Apartment B, Colorado Springs, CO 80911. As a result of Bernadette Kenny's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Bernadette Kenny has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

209.    Plaintiff Mildred Frazier currently resides at 1284 Canoe Creek Dr., Colorado Springs, CO 80906. As a result of Mildred Frazier's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Mildred Frazier has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

210.    Plaintiff Donald Frazier currently resides at 1284 Canoe Creek Dr., Colorado Springs, CO 80906. As a result of Donald Frazier's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Donald Frazier has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

211.    Plaintiff Angela Libbey-Artmeier currently resides at 129 Kokomo Street Apt. B, Colorado Springs, CO 80911. As a result of Angela Libbey-Artmeier's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Angela Libbey-Artmeier has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

212.    Plaintiff Bernard Balck currently resides at 12955 Old Pueblo Road P.O. Box 612, Fountain, CO 80817. As a result of Bernard Balck's exposure to elevated levels of PFOA,

43

PFOS, and/or PFCs in the drinking water supply, Bernard Balck has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

213.    Plaintiff Ryan Shuck currently resides at 130 Estrella Vista St, Colorado Springs, CO 80911. As a result of Ryan Shuck's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Ryan Shuck has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol.

214.    Plaintiff Sharon Darrow currently resides at 1305 Evergreen Dr, Colorado Springs, CO 80911. As a result of Sharon Darrow's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Sharon Darrow has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

215.    Plaintiff Paul Darrow currently resides at 1305 Evergreen Dr, Colorado Springs, CO 80911. As a result of Paul Darrow's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Paul Darrow has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with Thyroid Problems and High Cholesterol.

216.    Plaintiff John Arpad currently resides at 1308 Main Street, Colorado Springs, CO 80911. As a result of John Arpad's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, John Arpad has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

217.    Plaintiff Michelle Fooshee currently resides at 1314 Marsh Hawk Drive, Colorado Springs, CO 80911. As a result of Michelle Fooshee's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Michelle Fooshee has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

218.    Plaintiff Brian Fooshee currently resides at 1314 Marsh Hawk Drive, Colorado Springs, CO 80911. As a result of Brian Fooshee's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Brian Fooshee has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

219.    Plaintiff Scott Townsend, individually and as parent and natural guardian of F.T.1, currently resides at 132 Ithaca Street, Colorado Springs, CO 80911 with minor child F.T.1. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Scott Townsend and F.T.1 have elevated levels of PFOA, PFOS, and/or PFCs in their blood.

220.    Plaintiff Scott Townsend, individually and as parent and natural guardian of F.T.2, currently resides at 132 Ithaca Street, Colorado Springs, CO 80911 with minor child F.T.2. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Scott Townsend and F.T.2 have elevated levels of PFOA, PFOS, and/or PFCs in their blood.

221.    Plaintiff Scott Townsend, individually and as parent and natural guardian of A.E., currently resides at 132 Ithaca Street, Colorado Springs, CO 80911 with minor child A.E. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Scott Townsend and A.E. have elevated levels of PFOA, PFOS, and/or PFCs in their blood.

222.    Plaintiff Nicole Townsend currently resides at 132 Ithaca Street, Colorado Springs, CO 80911. As a result of Nicole Townsend's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Nicole Townsend has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with Pregnancy Problems.

223.    Plaintiff Debra Ferguson currently owns and resides at 1323 Prado Drive, Fountain, CO 80817. As a result of Debra Ferguson's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Debra Ferguson has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with Thyroid Programs, Pregnancy Problems, and High Cholesterol.

224.    Plaintiff Chris Maroney currently resides at 133 Easy Street, Security, CO 80911. As a result of Chris Maroney's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Chris Maroney has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

225.    Plaintiff Ciarah Keen currently resides at 133 Kokomo St Apt C, Colorado Springs, CO 80911. As a result of Ciarah Keen's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Ciarah Keen has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

226.    Plaintiff Angela Leyanna, individually and as parent and natural guardian of J.L., currently owns and resides at 133 Kokomo Street Apt C, Colorado Springs, CO 80911 with minor child J.L. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Angela Leyanna and J.L. have elevated levels of PFOA, PFOS, and/or PFCs in their blood.

227.    Plaintiff Nikolas Leyanna currently resides at 133 Kokomo Street Apt C., Colorado Springs, CO 80911. As a result of Nikolas Leyanna's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Nikolas Leyanna has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

228.    Plaintiff Theresa Leyanna currently resides at 133 Kokomo Street Apt C, Colorado Springs, CO 80911. As a result of Theresa Leyanna's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Theresa Leyanna has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

229.    Plaintiff Deborah Babcock currently resides at 1330 Whitehouse Drive, Colorado Springs, CO 80904. As a result of Deborah Babcock's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Deborah Babcock has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

230.    Plaintiff Mary Hall currently owns and resides at 1333 Rudd Avenue, Canon City, CO 81212. As a result of Mary Hall's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Mary Hall has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol; Thyroid Problems; Ulcerative Colitis.

231.    Plaintiff Kent Trevillion currently owns and resides at 1335 Ancestra Drive, Fountain, CO 80817. As a result of Kent Trevillion's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Kent Trevillion has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol.

232.    Plaintiff Angela Payne currently resides at 1340 Southmoor Dr, Fountain, CO 80817. As a result of Angela Payne's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Angela Payne has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

233.    Plaintiff Ryan Payne currently resides at 1340 Southmoor Dr, Fountain, CO 80817. As a result of Ryan Payne's exposure to elevated levels of PFOA, PFOS, and/or PFCs in

the drinking water supply, Ryan Payne has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

234.    Plaintiff Martina Espinoza currently owns and resides at 1350 Prado Drive, Fountain, CO 80817. As a result of Martina Espinoza's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Martina Espinoza has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

235.    Plaintiff Richard Gallup currently owns and resides at 1356 Hollow Rock Drive, Colorado Springs, CO 80911. As a result of Richard Gallup's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Richard Gallup has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol.

236.    Plaintiff Pamela Gallup currently owns and resides at 1356 Hollow Rock Drive, Colorado Springs, CO 80911. As a result of Pamela Gallup's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Pamela Gallup has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol.

237.    Plaintiff Ida Brady currently owns and resides at 136 Ithaca Street, Colorado Springs, CO 80911. As a result of Ida Brady's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Ida Brady has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with Pregnancy Problems; Thyroid Problems.

238.    Plaintiff Tina Hines currently owns and resides at 137 Ithaca Street, Colorado Springs, CO 80911. As a result of Tina Hines's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Tina Hines has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

239.    Plaintiff Christine Iverson currently owns and resides at 1370 Southmoor Drive, Fountain, CO 80817. As a result of Christine Iverson's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Christine Iverson has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with Ulcerative Colitis.

240.    Plaintiff Robert Green currently owns and resides at 139 Harvard Street, Colorado Springs, CO 80911. As a result of Robert Green's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Robert Green has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

## Defendants

241.    When reference is made in this Complaint to any act or omission of any of the Defendants, it shall be deemed that the officers, directors, agents, employees, or representatives of the Defendants committed or authorized such act or omission, or failed to adequately supervise or properly control or direct their employees while engaged in the management, direction, operation, or control of the affairs of Defendants, and did so while acting within the scope of their duties, employment or agency.

242.    The term "Defendant" or "Defendants" refers to all Defendants named herein jointly and severally.

243.    Upon information and belief, each of the Defendants are responsible, negligently, intentionally, and/or in some actionable manner, for the events and happenings referred to herein, and caused and continue to cause injuries and damages legally thereby to Plaintiffs, as alleged, either through each Defendant's own conduct or through the conduct of their agents, servants, or employees, or due to the ownership, maintenance, or control of the instrumentality causing them injury, or in some other actionable manner.

244.    Defendant THE 3M COMPANY ("3M") is, upon information and belief, an American multinational corporation based in Maplewood, Minnesota and incorporated in Delaware. 3M was founded in 1902 as the Minnesota Mining and Manufacturing Company. With approximately $30 billion in annual net sales, 3M employs approximately 90,000 people, operates in approximately 70 countries, and produces more than 55,000 products. 3M does business throughout the United States, including in the state of Colorado.

245.    3M designed, manufactured, and sold AFFF used in training operations and for emergency fire-fighting situations.

246.    3M is engaged in substantial and not isolated activity in this State; all as more fully alleged herein.

247.    Defendant TYCO FIRE PRODUCTS L.P., successor in interest to THE ANSUL COMPANY ("TYCO"), is a Delaware corporation having a principal place of business at One Stanton Street, Marinette, Wisconsin 54143. TYCO manufactured and currently manufactures the ANSUL brand of products, including ANSUL brand AFFF.

248.    Defendant TYCO was incorporated as a limited partnership on December 15, 2000. The name and mailing address of the sole general partner is Fire Products GP Holding, Inc. Fire Products GP Holding, Inc., is a New Jersey corporation having its principal place of business at 9 Roszel Road, Princeton, NJ 08540.

249.    Upon information and belief, Defendant TYCO is the successor in interest to the corporation formerly known as THE ANSUL COMPANY ("ANSUL"). This Complaint shall collectively refer to ANSUL and/or TYCO as the successor in interest to ANSUL as "TYCO/ANSUL." At all times relevant, TYCO/ANSUL designed, manufactured and sold AFFF used in training operations and for emergency fire-fighting situations.

250.    Defendant BUCKEYE FIRE EQUIPMENT COMPANY ("BUCKEYE") is an Ohio corporation with its principal place of business at 110 Kings Road, Mountain, North Carolina 28086.

251.    At all times relevant to the present litigation, BUCKEYE designed, manufactured and sold AFFF used in training operations and for emergency fire-fighting situations including at PAFB.

252.    Defendant CHEMGUARD is a Texas corporation having its principal place of business at One Stanton Street, Marinette, Wisconsin 54143.

253.    At all times relevant to the present litigation, CHEMGUARD designed, manufactured and sold AFFF used in training operations and for emergency fire-fighting situations including at PAFB.

254.    Defendant NATIONAL FOAM, INC. ("NATIONAL FOAM") is a Delaware corporation having a principal place of business at 350 East Union Street, West Chester, Pennsylvania 19382. At all times relevant, NATIONAL FOAM designed, manufactured, and sold AFFF used in training operations and for emergency fire-fighting situations including at PAFB.

255.    Defendant KIDDE FIRE FIGHTING, INC., f/k/a CHUBB NATIONAL FOAM, INC., f/k/a NATIONAL FOAM INC., is a Pennsylvania corporation having a principal place of business at One Carrie Place, Farmington, Connecticut. At all times relevant, KIDDE FIRE FIGHTING, INC. designed, manufactured and sold AFFF used in training operations and for emergency fire-fighting situations including at PAFB.

256.    KIDDE FIRE FIGHTING, INC., is sued individually, and as successor in interest to NATIONAL FOAM, INC.

257.    KIDDE PLC, INC., f/k/a WILLIAMS US INC., f/k/a WILLIAMS HOLDINGS, INC., is a Massachusetts corporation having a principal place of business at One Carrier Place, Farmington, Connecticut 06302. At all times relevant, KIDDE PLC, INC. designed, manufactured, and sold AFFF used in training operations and for emergency fire-fighting situations including at PAFB.

258.    KIDDE PLC, INC., is sued individually, as a successor in interest to NATIONAL FOAM, INC.

259.    Upon information and belief, WILLIAMS HOLDINGS, INC. was incorporated on October 10, 1987, and later dissolved on December 31, 1990. Upon information and belief, John F. Hannon was the CEO and Secretary of WILLIAMS HOLDINGS, INC. At all times relevant, WILLIAMS HOLDINGS, INC. designed, manufactured, and sold AFFF used in training operations and for emergency fire-fighting situations including at PAFB.

260.    Upon information and belief, WILLIAMS CORPORATION was founded in 1997, and dissolved on October 26, 2000. Upon information and belief, John F. Hannon was the CEO of Williams Corporation, as well as the Treasurer of KIDDE FIRE FIGHTING, INC. prior to the dissolution of Williams Corporation.

261.    Upon information and belief, WILLIAMS HOLDINGS, INC., a Delaware corporation, filed as a foreign corporation with the Massachusetts Secretary of State on June 2, 1987.

262.    Upon information and belief, John F. Hannon changed the name of WILLIAMS HOLDINGS, INC. to WILLIAMS HOLDINGS US, INC., on February 12, 1998.

263.    Upon information and belief, WILLIAMS HOLDINGS US, INC. became KIDDE PLC, INC. on November 15, 2000.

264.    WILLIAMS HOLDINGS, INC. is named as successor in interest to NATIONAL FOAM, INC.

265.    KIDDE-FENWAL, INC. is a Massachusetts corporation with its principal place of business at 400 Main Street, Ashland, Massachusetts 01721. At all times relevant, KIDDE-FENWAL, INC. designed, manufactured, and sold AFFF used in training operations and for emergency fire-fighting situations including at PAFB.

266.    Upon information and belief, Fenwal, Inc. was incorporated on June 21, 1988, and later changed its name to KIDDE-FENWAL, INC.

267.    Upon information and belief, the Canadian Intellectual Property Office has registered the NATIONAL FOAM trademark to KIDDE-FENWAL, INC., formerly registered to KIDDE FIRE FIGHTING, INC.

268.    KIDDE-FENWAL, INC., is sued individually, and as successor in interest to NATIONAL FOAM, INC.

269.    UTC FIRE & SECURITY AMERICAS CORPORATION, INC., f/k/a GE INTERLOGIX, INC., is a North Carolina corporation with its principal place of business at 3211 Progress Drive, Lincolnton, North Carolina 28092. At all times relevant, UTC FIRE & SECURITY AMERICAS CORPORATION, INC. designed, manufactured and sold AFFF used for training operations and fighting fires including at PAFB.

270.    Upon information and belief, KIDDE-FENWAL, INC. is part of the UTC CLIMATE CONTROL & SECURITY unit of United Technologies Corporation.

271.    UTC FIRE & SECURITY AMERICAS CORPORATION, INC., is sued individually, and as successor in interest to NATIONAL FOAM, INC.

272.    NATIONAL FOAM, INC.; KIDDE FIRE FIGHTING, INC., f/k/a CHUBB NATIONAL FOAM, INC., f/k/a NATIONAL FOAM INC., individually and as successor in interest to NATIONAL FOAM, INC.; KIDDE PLC, INC., f/k/a WILLIAMS US INC., f/k/a WILLIAMS HOLDINGS, INC., individually and as successor in interest to NATIONAL FOAM, INC.; KIDDE-FENWAL, INC., individually and as successor in interest to NATIONAL FOAM, INC.; UTC FIRE & SECURITY AMERICAS CORPORATION, INC., f/k/a GE INTERLOGIX, INC.; shall collectively be referred to herein as "NATIONAL FOAM."

273.    At all times relevant to the present litigation, NATIONAL FOAM designed, manufactured, and sold AFFF used in training operations and for emergency fire-fighting situations including at PAFB.

## FACTUAL ALLEGATIONS AS TO ALL COUNTS

274.    AFFF is a Class-B fire-fighting foam that is mixed with water and used to extinguish fires that are difficult to fight, including those involving hydrocarbon fuels such as petroleum or other flammable liquids.

275.    AFFF is synthetically formed by combining fluorine free hydrocarbon foaming agents with surfactants. When mixed with water, the resulting solution produces an aqueous film that spreads across the surface of hydrocarbon fuel. This film provides fire extinguishment and is the source of the designation "aqueous film forming foam."

276.    AFFF has the presence of fluorinated surfactants that lower the water's surface tension, essentially smothering the fire and starving it of its oxygen.

277.    Some fluorinated surfactants have unique properties that cause some of the compounds to persist in the environment and toxically bioaccumulate in animals and humans.

278.    AFFF was introduced commercially in the mid-1960s and rapidly became the primary fire-fighting foam in the United States and in many parts of the world.

279.    Defendants 3M, TYCO/ANSUL, NATIONAL FOAM, CHEMGUARD and BUCKEYE designed, manufactured, and sold AFFF that was used at the PAFB.

280.    The United States Navy first used AFFF in 1963, with the USAF commencing its use of AFFF in 1970.

281.    In the foam industry, concentrates are typically referred to as "3%" or "6%" concentrate, depending on the mixture rate with water. AFFF concentrates contain about 60-90% water and have a fluorine content of about 0.3-1.8%.

282.    The USAF uses 3% AFFF for its installations.

283.    Fluorosurfactants used in 3M's AFFF were produced by a unique and patented process known as electrochemical fluorination ("ECF"). The ECF process resulted in a product that contains PFOS, some of which degrades into PFOA.

284.    3M was the only company to manufacture PFOS-containing AFFF.

285.    In an attempt to limit liability, 3M opted to stop producing PFOS in 2002 because it was aware of the widespread contamination and the health effects on the American public associated with exposure to the contamination.

286.    Like PFOS, PFOA is a man-made, manufactured chemical not found in nature. PFOA was used to make household and commercial products that resist heat and chemical reactions, and can be used to repel oil, stains, grease, and water.

287.    In 1947, 3M began producing PFOA via ECF.

288.    In 1951, 3M began selling its PFOA to other chemical companies, including DuPont.

289. Other companies, including Defendants TYCO/ANSUL, BUCKEYE, NATIONAL FOAM, and CHEMGUARD, began manufacturing AFFF using PFOA that they produced themselves or purchased from other companies. Defendants then sold AFFF to the USAF for use at installations across the nation, including PAFB.

290. The chemical structure of PFOA and PFOS make them resistant to breakdown or environmental degradation. As a result, they are persistent when released into the environment.

291. PFOA and PFOS have been found to bioaccumulate in humans and animals. In 2005, the United States Department of Health and Human Services found that "human exposure to PFOA and PFOS lead to the buildup of these chemicals in the body."

292. By the early 1960s, 3M knew that PFOS and PFOA were stable, persistent in the environment, and did not degrade.

293. As a result of this persistence, PFOA can remain in the environment, particularly in water, for many years and can move through air, soil, and into groundwater.

294. Early studies showed that PFCs accumulated in the human body and were toxic.

295. 3M studies from the 1970s concluded that PFCs were "even more toxic" than previously believed.

296. 3M knew that PFOA is readily absorbed after consumption or inhalation, and it accumulates primarily in the blood stream, kidney, and liver.

297. Upon information and belief, by the 1970s, 3M knew that PFOA and PFOS were widely present in the blood of the general U.S. population. Upon information and belief, 3M concealed this knowledge from the public and government regulators, including those officials responsible for buying and supplying PAFB with AFFF.

298.    In or about 1977, TYCO/ANSUL was also aware of the environmental and toxic effects of AFFF and studied whether it could develop an AFFF that produced less of an environmental impact.

299.    Because of PFOA's toxicity, eight major PFOA manufacturers agreed in 2006 to participate in the USEPA's PFOA Stewardship Program. The participating companies made voluntary commitments to reduce product content and facility emissions of PFOA and related chemicals by 95% no later than 2010.

300.    Human studies show associations between increased PFOA levels in blood and an increased risk of developing numerous serious medical conditions, including high cholesterol levels, changes in thyroid hormone, ulcerative colitis (autoimmune disease), pre-eclampsia (a complication of pregnancy that includes high blood pressure), and kidney and testicular cancer.

301.    These injuries can arise months or years after exposure to PFOA.

302.    As alleged herein, the adverse health effects observed following exposure to PFOS are the same as those observed with PFOA, meaning injuries associated with PFOS exposure and accumulation similarly manifest themselves months or years after the initial exposure.

303.    Given the extreme persistence of PFOS and PFOA in the environment, these chemicals' toxicity, mobility, and bioaccumulation potential has created an ongoing and concrete threat to the health of the residents in the Communities.

### AFFF Usage at Peterson Air Force Base and the Colorado Springs Municipal Airport.

304.    Upon information and belief, Defendants each manufactured AFFF containing PFCs for sale to the DOD or the USAF with knowledge that AFFF would be used in training operations and for emergency fire-fighting situations.

305.    Upon information and belief, Defendants' AFFF products were sold to and used at PAFB.

306.    At any given time, the Defendants were responsible for the design, manufacture, and sale of thousands of gallons of AFFF concentrate used and stored at PAFB.

307.    The AFFF was expected to and did reach PAFB without substantial change in the condition in which the Defendants sold it.

308.    For decades, USAF personnel used AFFF designed, manufactured, and sold by each of the Defendants for training operations at the PAFB, including fire-fighting and explosion training.

309.    Due to these training operations, AFFF was released into the surrounding air, soil, and groundwater at locations including but not limited to the current fire training area ("FTA") (1991 to date), the former FTA known as Site 5 (1960 through 1977), and the former FTA known as Site 8 (1977 to 1991).

310.    AFFF was additionally introduced into the groundwater via aircraft hangers containing fire suppression systems that used AFFF. During function testing or false alarms, AFFF was permitted to enter the air, soil, and groundwater, further contaminating Plaintiffs' drinking water.

311.    At PAFB, two fire stations conduct spray testing with AFFF, releasing AFFF into the soil, air, and groundwater.

312.    In November 2016, the U.S. Army Corps of Engineers published "Revised Final Preliminary Assessment Report for Perfluorinated Compounds at Peterson Air Force Base," a report that confirmed the use of AFFF at PAFB and identified fire training areas at PAFB as possible sources of PFC contamination of the Communities' groundwater supply.

313.    As a direct and proximate result of the failure to warn the USAF, PAFB, or the surrounding Communities, including those most sensitive to contamination, AFFF and its constituents were permitted to enter the air, soil, and groundwater, ultimately entering the Plaintiffs' bodies and properties.

314.    Upon information and belief, instructions, warning labels, and material safety data sheets that Defendants provided with the AFFF did not reasonably nor adequately describe the health and environmental hazards of AFFF that Defendants knew or should have known.

**AFFF Containing PFOA and PFOS is Fungible and Commingled in the Groundwater**

315.    Once AFFF containing PFOA and PFOS has been released into the environment, it lacks characteristics that would otherwise enable the identification of the company that manufactured that particular batch of AFFF.

316.    Decades of manufacturing, selling, and distributing AFFF has created complex and opaque arrangements whereby Defendants regularly contract with multiple entities, including the DOD, the USAF, specific installations, and/or third-party logistic intermediaries, to sell and deliver AFFF to bases throughout the country, including to PAFB.

317.    A subsurface plume, even if it comes from a single location, such as a retention pond or fire training area, originates from mixed batches of AFFF coming from different manufacturers.

318.    At PAFB, AFFF from different manufacturers was used at multiple training sites over the course of many years, rendering it impossible for investigators to identify with any certainty the exact AFFF product that produced the PFOA or PFOS at issue.

319.    Even if investigators could track the source of a subsurface plume to a single location at PAFB, it would be impossible to identify how an individual Defendants' AFFF

contributed to the contamination because of how AFFF was used, stored, and disposed of at those locations.

320.    The case at PAFB is typical of PFOA and PFOS contamination cases generally: even though several areas were located at PAFB where the AFFF was used and entered the groundwater, neither the federal or state investigators could determine which manufacturers' AFFF containing PFOA and PFOS had contributed to the resulting groundwater contamination plume.

321.    PFOA and PFOS are present in all Defendants' AFFF products.

322.    Because precise identification of the manufacturer of the specific AFFF that was the source of PFOA and PFOS found in a Plaintiff's blood and groundwater is impossible, and the market for AFFF is ascertainable, Plaintiffs must pursue all Defendants, jointly and severally, for those indivisible injuries which Defendants have collectively visited upon Plaintiffs.

323.    Defendants are also jointly and severally liable because they conspired to conceal the true toxic nature of PFOA and PFOS, to profit from the use of AFFF containing PFOA and PFOS, at Plaintiffs' expense, to contaminate Plaintiffs' drinking water supply, and to attempt to avoid liability for such contamination of the groundwater and poisoning of the Plaintiffs.

## MARKET SHARE LIABILITY, ALTERNATIVE LIABILITY, CONCERT OF ACTION, ENTERPRISE LIABILITY

324.    Upon information and belief, Defendants in this action are manufacturers that control a substantial share of the market for AFFF containing PFOA and PFOS in the United States and are jointly responsible for the contamination of the groundwater in the Communities and for causing the damages and injuries complained of in this Complaint.

325.    Each of these Defendants participated in a state-wide and national market for AFFF containing PFOA and/or PFOS during the relevant time.

326.    Market share liability attaches to all Defendants and the liability of each should be assigned according to each Defendant's percentage share of the market for AFFF-containing PFOA and/or PFOS at issue in this Complaint. As alleged in paragraphs 155-163, PFOA and PFOS is fungible; it is impossible to identify the exact Defendant who manufactured the particular AFFF containing PFOA and/or PFOS that has contaminated the air, soil or groundwater.

327.    The relevant product and geographic market can be defined in this instance because the market for AFFF consists of only one buyer, PAFB via the USAF, who used this product for only one purpose, to fight fires.

328.    The market for AFFF is ascertainable through standard discovery means.

329.    It would be unfair to require Plaintiffs to bear the entire cost of their injuries simply because it is inherently impossible for the Plaintiffs to identify the exact Defendant that has manufactured the product that has contaminated the water supply and gives rise the injuries complained of in this action.

330.    Alternatively, as a result of Defendants' participation in the fire-fighting foam industry through the production, sale, and distribution of AFFF containing PFOA and PFOS, enterprise liability attaches to all of the named Defendants for casting defective products into the stream of commerce.

## CONSPIRACY

331.    Defendants actually knew of the health and environmental hazards which PFOA and PFOS posed to Plaintiffs.

332.    Beginning in the 1970s and continuing through the date of this Complaint, Defendants formed joint task forces, committees and otherwise colluded for the avowed purpose

of providing information about AFFF-containing PFOA and/or PFOS to the public and to government agencies with the unlawful purpose of:

333.    Creating a market for AFFF-containing PFOA and/or PFOS despite knowledge of the hazards which PFOA and PFOS posed to the groundwater in Colorado and the residents who depend on such water;

334.    Concealing the environmental properties and toxic nature of PFOA and PFOS, and its impact on Plaintiffs and the environment; and

335.    Maximizing profits in a way Defendants knew or should have known would result in the contamination of Plaintiffs' drinking water.

336.    Defendants carried out their conspiracy by one or more of the following overt acts or omissions:

337.    Intentionally representing to the DOD, USAF, USEPA and the public that AFFF containing PFOA and PFOS was safe and did not pose an environmental or human health risk;

338.    Concealing the dangers of PFOA and PFOS (including toxicological information on the dangers of the chemicals to living organisms, adverse fate and transport characteristics, and the propensity of PFOA and PFOS to contaminate groundwater) from the government and the public by, among other means, repeatedly requesting that information about the dangers and health effects of PFOA and PFOS be suppressed and not otherwise published, and by downplaying any adverse findings relating to PFOA and PFOS;

339.    Concealing the dangers of AFFF containing PFOA and PFOS from end users, sensitive receptors, public water suppliers, and the users and consumers of groundwater;

340.    Using their considerable resources to fight PFOA and PFOS regulation; and

341.    Collectively deciding to use PFOA and/or PFOS rather than other, safer surfactants because AFFF-containing PFOA and/or PFOS were the most profitable surfactant for Defendants to use.

342.    As a direct and proximate result of the Defendants' above described conspiracy, PFOA and PFOS, at all times relevant to this litigation has:

343.    Posed and continues to pose a health threat to Plaintiffs because it has bioaccumulated in their bodies;

344.    Created the need for testing and monitoring of Plaintiffs' health for known adverse health effects of PFOA and PFOS;

345.    Contaminated Plaintiffs' property, soil, and groundwater, for those with private water wells;

346.    Created the need for remediation of PFOA- and PFOS- contaminated groundwater for those property owners who utilize private water wells, or, where remediation of the groundwater is impractical, installation of a system to filter out PFOA and PFOS or procurement of water from alternative sources; and

347.    Diminished, and will continue to diminish, the values of Plaintiffs' properties due to past, actual, impending, or threatened contamination.

### CAUSES OF ACTION FOR INDIVIDUAL CLAIMS
### AS AND FOR A FIRST CAUSE OF ACTION: NEGLIGENCE

348.    Plaintiffs hereby repeat, reallege, and reiterate each and every allegation in the preceding paragraphs as if fully restated herein.

349.    This cause of action is brought pursuant to Colorado law.

350.    Defendants knew or should have known that exposure to PFOA and PFOS was hazardous to human health.

351.    Given that Defendants were aware of these chemicals' potential for bioaccumulation in humans as well as the links to numerous serious medical conditions, including cancer, Defendants knew or should have known that the manner in which they were manufacturing, marketing, and selling AFFF containing PFCs would be hazardous to human health.

352.    Defendants knew or should have known that PFCs are highly soluble in water, highly mobile, extremely persistent in the environment, and therefore high likely to contaminate water supplies if released into the environment.

353.    Defendants knew or should have known that the manner in which they were manufacturing, marketing, and selling AFFF containing PFCs would result in the contamination of the municipal and private well drinking water supplies of the Communities given their proximity to PAFB.

354.    Defendants marketed and sold their products with knowledge that AFFF containing PFCs would be used in training exercises and in emergency fire-fighting situations, including at PAFB, in such a manner that these dangerous chemicals would be released into the environment.

355.    Defendants marketed and sold their products with knowledge that AFFF containing toxic PFCs would be stored in fire suppressant systems and tanks on USAF Bases and at airports, including PAFB, and that such systems and storage were used and maintained in such a manner that dangerous chemicals would be released into the environment.

356.    Knowing of the dangerous and hazardous properties of AFFF, and the manner in which AFFF would be used, stored, and maintained at PAFB, it was foreseeable that AFFF

would contaminate the surrounding environment, groundwater, and drinking water supplies of Fountain, Security, and Widefield, as a result of the Communities' proximity to PAFB.

357.    Defendants therefore knew or should have known that safety precautions would be required to prevent the release of PFOA and PFOS into the surrounding groundwater and drinking water supplies.

358.    Given the foreseeability of AFFF's release into the surrounding Communities' drinking water, Defendants should have acted reasonably by not placing inherently dangerous AFFF into the marketplace.

359.    Though AFFF is effective at extinguishing otherwise difficult to fight fires, the potential for widespread and persistent contamination of municipal and private well water supplies with chemicals linked to the development of numerous serious medical conditions far outweighs any social utility gained from AFFF's fire-fighting ability.

360.    The magnitude of the burden on the Defendants to guard against this foreseeable harm to Plaintiffs was minimal, as the practical consequences of placing this burden on the Defendants amounted to providing adequate instructions, proper labeling, and sufficient warnings about their AFFF products.

361.    As manufacturers, Defendants were in the best position to provide adequate instructions, proper labeling, and sufficient warnings about their AFFF products.

362.    Considering the factors related to risk, foreseeability, social utility, the burden of guarding against the harm, and the practical consequences of placing that burden on the Defendants, the Defendants therefore owed multiple cognizable duties to Plaintiffs.

363.    Defendants had a duty not to contaminate the Plaintiffs' municipal and private well drinking water supplies, as well as the surrounding environment and groundwater, with AFFF containing PFCs.

364.    Defendants had a duty to warn of the hazards associated with AFFF containing PFCs entering and poisoning the environment and groundwater.

365.    As manufacturers, marketers, and sellers of AFFF, Defendants owed Plaintiffs a duty to exercise reasonable care and ensure that AFFF was manufactured, marketed, and sold in such a way that the end users of AFFF were aware of the potential harm PFOA and PFOS could cause to human health and the environment.

366.    Upon learning of the release of the contaminants, Defendants owed Plaintiffs a duty to warn and notify Plaintiffs of the release of the contaminants before they injured Plaintiffs and their property and/or to act reasonably to minimize the damage to Plaintiffs and their property.

367.    As such, the Defendants, acting negligently, recklessly, willfully, wantonly, and/or intentionally, breached their legal duties to Plaintiffs, causing the contamination of the municipal and private well drinking water supplies in and around the residences of Plaintiffs.

368.    Defendants breached their duty to warn and notify end users of AFFF about the danger that PFOA and PFOS could enter into the environment and groundwater.

369.    Defendants breached their duty to warn by failing to notify Plaintiffs in a timely manner that PFOA and PFOS had contaminated the municipal and private well drinking water supplies.

370.    Defendants breached their duty not to contaminate the Plaintiffs' drinking water supplies by allowing PFOA and PFOS to be released into the municipal and private well drinking water supplies of Fountain, Security, and Widefield.

371.    Defendants breached their duties to act reasonably by failing to take reasonable, adequate, and sufficient steps or actions to eliminate, correct, or remedy any contamination after it occurred.

372.    Defendants' breaches of their duties were direct and proximate causes of the drinking water in both the municipal and private well supplies to become contaminated with unsafe and dangerous levels of PFOA and PFOS.

373.    Defendants' breaches of their duties were direct and proximate causes of the injuries, damages, and harm the Plaintiffs have suffered to their health and property.

374.    Defendants' breach of their duty to act reasonably and timely notify and warn the Communities of the presence of PFOA and PFOS in the groundwater directly and proximately prevented Plaintiffs from undertaking effective and immediate remedial measures.

375.    Plaintiffs have expended and/or will be required to expend significant financial resources to test and monitor for the presence of latent diseases for many years because of Defendants' conduct.

376.    Plaintiffs have expended and/or will be required to expend significant financial resources to remediate the effects of Defendants' conduct on their homes and property for many years.

377.    Plaintiffs suffered foreseeable injuries and damages as a proximate result of Defendants' breach of their duties as set forth above. At the time Defendants breached their duties to Plaintiffs, Defendants' acts and/or failures to act posed recognizable and foreseeable

possibilities of danger to Plaintiffs so apparent as to entitle them to be protected against such actions or inactions.

378.    Accordingly, Plaintiffs seek damages from Defendants, in an amount to be determined at trial, directly resulting from injuries to their persons and property, in a sufficient amount to compensate them for the injuries and losses sustained and to restore Plaintiffs to their original position, including but not limited to the difference between the current value of their properties and such value if the harm had not been done, the cost of repair or restoration, the value of the use of the continuous trespass, injuries to persons, including the need for medical monitoring as an element of damages, and actual, consequential, and nominal damages, flowing from the negligence that are the natural and proximate result of Defendants conduct in an amount to be proved at trial.

### AS AND FOR A SECOND CAUSE OF ACTION: MEDICAL MONITORING

379.    Plaintiffs hereby repeat, reallege, and reiterate each and every allegation in the preceding paragraphs as if fully restated herein.

380.    This cause of action is brought pursuant to Colorado law.

381.    In Colorado, a claim for medical monitoring requires a Plaintiff to establish that: (1) Plaintiff has suffered a significant exposure to a hazardous substance through the tortious actions of defendant; (2) as a proximate result of this exposure, Plaintiff suffers from an increased risk of contracting a serious latent disease; (3) that increased risk makes periodic diagnostic medical examinations reasonably necessary; and (4) monitoring and testing procedures exist which make the early detection and treatment of the disease possible and beneficial.

382.    Defendants knew or should have known that the manner in which they were manufacturing, marketing, and selling AFFF containing PFCs would result in the contamination of the municipal and private well drinking water supplies of Fountain, Security, and Widefield, due to these communities' proximity to PAFB.

383.    Defendants knew or should have known that exposing humans to PFC-contaminated water would be hazardous to human health and the environment.

384.    Years of consuming PFC-contaminated water has exposed the Plaintiffs to PFOA, PFOS, and potentially other toxic substances as a result of the use, storage, and discharge of AFFF at PAFB.

385.    As alleged in this Complaint, given the persistence and bioaccumulative nature of PFOA and PFOS, PFOA and PFOS exposure leads to the bioaccumulation of PFOA and PFOS in the blood of humans exposed to water contaminated with PFOA and PFOS.

386.    Plaintiffs have suffered an injury due to the bioaccumulation of these hazardous substances in their blood.

387.    Furthermore, individuals with elevated levels of PFOA and PFOS in their blood, such as the Plaintiffs, are at a seriously increased risk of contracting numerous medical conditions, including kidney cancer, testicular cancer, ulcerative colitis, thyroid disease, pregnancy induced hypertension (including preeclampsia), and hypercholesterolemia.

388.    Medical tests currently exist that can determine the level of PFOA and PFOS in the blood of an individual who has consumed PFOA- and PFOS- contaminated water.

389.    Given that exposure to and bioaccumulation of elevated levels of PFOA and PFOS in an individual's blood significantly increases the risk of contracting a serious medical

condition, periodic medical examinations are both reasonable and necessary to detect latent diseases.

390.    A thorough medical monitoring plan, following common and accepted medical practices, can and should be developed for Plaintiffs to assist in the early detection and beneficial treatment of the diseases that can develop as a result of exposure to and bioaccumulation of PFOA and PFOS.

## AS AND FOR A THIRD CAUSE OF ACTION: STRICT PRODUCTS LIABILITY – FAILURE TO WARN

391.    Plaintiffs hereby repeat, reallege, and reiterate each and every allegation in the preceding paragraphs as if fully restated herein.

392.    This cause of action is brought pursuant to Colorado law.

393.    As commercial manufacturers, sellers, and distributors of AFFF, Defendants knew or should have known that exposure to PFOA and PFOS was hazardous to human health and the environment.

394.    Defendants knew or should have known that the manner in which they were manufacturing, marketing, and selling AFFF containing PFCs was hazardous to human health and the environment.

395.    Defendants knew or should have known that the manner in which they were manufacturing, marketing, and selling AFFF containing PFCs would result in the contamination of the Communities' municipal and private well water supplies as a result of the Communities' proximity to PAFB.

396.    AFFF's persistence, mobility, bioaccumulative potential, and PFOA's and PFOS' links to numerous serious medical conditions, are not open and obvious conditions.

397.    Though Defendants knew or should have known about the seriousness of the consequences of failing to warn about the inherent dangers associated with AFFF containing PFOA and PFOS, Defendants failed to warn PAFB of the dangers inherent in the use of the product.

398.    Though Defendants knew or should have known about the reasonably foreseeable hazards to human health and welfare associated with the use of AFFF containing PFOA and PFOS in the vicinity of Plaintiffs' drinking water supplies, including contamination of public drinking water and private wells with PFOA and PFOS, Defendants failed to provide adequate warnings of, or take any precautionary measures to mitigate, those hazards.

399.    Defendants failed to provide sufficient warning that the use and storage of Defendants' product would cause the product to be released into the environment and cause the PFOA and PFOS contamination of the environment, groundwater, and drinking water.

400.    Adequate instructions and warnings on the AFFF products could have reduced or avoided these foreseeable risks of harm to Plaintiffs, and their properties.

401.    Had Defendants provided adequate warnings, Plaintiffs could have taken measures to avoid or lessen their exposure.

402.    Had Defendants provided adequate warnings, PAFB could have taken measures to reduce or prevent the release of PFOA and PFOS into the environment, groundwater, and drinking water.

403.    Defendants' failure to provide adequate and sufficient warnings for the AFFF that they manufactured, marketed, and sold renders the AFFF a defective product.

404. Defendants' failure to warn was a direct and proximate cause of the environmental and health impacts from PFOA and PFOS that came from the use, storage and disposal of AFFF at PAFB.

405. Defendants' failure to warn was the direct and proximate result of the contamination, leading to the diminution in the value and marketability of the properties of the Plaintiffs. Plaintiffs have suffered the need for and the cost of remediation of their properties and mitigation systems for those properties, and the cost of alterative water.

406. As a result of the contamination, Plaintiffs have lost use and enjoyment of their properties and have suffered annoyance, discomfort, and inconvenience as a consequence of the contamination of their properties by Defendants.

407. As a result of Defendants' conduct and the resulting contamination, Plaintiffs have been injured in that their exposure to PFOA, PFOS, and potentially other toxic substances has produced an increased level of PFOA and PFOS in their blood stream, leading to the bioaccumulation of PFOA and PFOS in their bodies and significantly increasing their risk of developing numerous serious medical conditions.

408. As a result of Defendants manufacture, sale, or distribution of a defective product, Defendants are strictly liable in damages to Plaintiffs.

409. Defendants' acts were willful, wanton, reckless and/or conducted with a reckless indifference to the rights of Plaintiffs.

## AS AND FOR A FOURTH CAUSE OF ACTION: STRICT PRODUCTS LIABILITY – DEFECTIVE DESIGN

410. Plaintiffs hereby repeat, reallege, and reiterate each and every allegation in the preceding paragraphs as if fully restated herein.

411. This cause of action is brought pursuant to Colorado law.

412.    By virtue of manufacturing, marketing, and selling AFFF containing PFOA and PFOS, Defendants had a strict duty not to place an unreasonably dangerous product into the stream of commerce that would injure innocent bystanders in the Communities.

413.    Defendants knew or should have known that exposure to PFOA and PFOS was hazardous to the environment and to human health when it, or products containing it, were used in their foreseeable and intended manner.

414.    The chemical makeup of AFFF, PFOA, and PFOS underlying the product's hazardous characteristics involve the interpretation of technical, scientific information derived from research and testing.

415.    Knowing of the dangerous and hazardous properties of AFFF due to research and testing, Defendants could have manufactured, marketed, and sold alternative designs or formulations of AFFF that did not contain PFOA or PFOS.

416.    These alternative designs and/or formulations were already available, practical, and technologically feasible.

417.    The use of these alternative designs would have reduced or prevented the reasonably foreseeable harm to persons and property resulting from Defendants' manufacture, marketing, and sale of AFFF containing PFOA or PFOS.

418.    As manufacturers of AFFF, Defendants not only had the ability to alter the product in such a way that maintained the fire-fighting abilities of the product while eliminating its inherently unsafe character, but also were in the best position to do so.

419.    AFFF's persistence, mobility, bioaccumulative potential, and PFOA and PFOS' links to numerous serious medical conditions, are not open and obvious conditions or part of general public knowledge of AFFF.

73

420.    Therefore, even though AFFF is useful for fighting hard to fight fires, the inherent risks associated with its use far outweigh any fire-fighting benefits, thereby rendering AFFF unreasonably dangerous.

421.    The manufacture, sale, and distribution of unreasonably dangerous AFFF renders the Defendants' product defective.

422.    Defendants' defective design and formulation of AFFF is the direct and proximate cause of the environmental and health impacts from PFOA and PFOS.

423.    As a result of Defendants' defective design and formulation of AFFF, the resulting contamination, the value and marketability of the Plaintiffs' property has been and will continue to be diminished. Plaintiffs have suffered the need for and the cost of remediation of their properties and/or mitigation systems for those properties, and the cost of alterative water.

424.    As a direct result of the contamination, Plaintiffs have lost the use and enjoyment of their properties and have suffered annoyance, discomfort, and inconvenience as a consequence of the contamination of their properties by Defendants.

425.    As a direct result of Defendants' defective design and formulation of AFFF, the Plaintiffs have been injured in that their exposure to PFOA, PFOS, and potentially other toxic substances has caused them to develop numerous serious medical conditions associated with this exposure as more fully described herein and has significantly increased their risk of developing those conditions.

426.    As a direct result of Defendants' design and formulation of a defective product, Defendants are strictly liable in damages to the Plaintiffs.

427.    Defendants' acts were willful, wanton, reckless and/or conducted with a reckless indifference to the rights of Plaintiffs.

## CLAIM FOR PUNITIVE DAMAGES

428.    Plaintiffs hereby repeat, reallege, and reiterate each and every allegation in the preceding paragraphs as if fully restated herein.

429.    Plaintiffs assert a claim for punitive damages under C.R.S. § 13-21-102.

430.    Upon information and belief, Defendants engaged in willful, wanton, malicious, and or/reckless conduct that was done without regard to the consequences or the safety of the Plaintiffs and caused the foregoing property damage, and injuries upon the persons and properties of Plaintiffs, disregarding their protected rights.

431.    Defendants' willful, wanton, malicious, and/or reckless conduct includes but is not limited to Defendants' failure to take all reasonable measures to ensure Plaintiffs in the Communities did not ingest PFOA and PFOS, which Defendants knew were linked to numerous serious medical conditions.

432.    Defendants have caused significant harm to Plaintiffs, including harm to the properties and water supplies of Plaintiffs and have demonstrated a conscious and outrageous disregard for their safety with implied malice, warranting the imposition of punitive damages.

## PRAYER FOR RELIEF

433.    WHEREFORE, the Plaintiffs demand judgment against Defendants, and each of them, jointly and severally, and request the following relief from the Court:

434.    a declaration that Defendants acted with negligence, gross negligence, and/or willful, wanton, and careless disregard for the health, safety, and property of Plaintiffs;

435.    an award to Plaintiffs of general, compensatory, exemplary, consequential, nominal, and punitive damages;

436.    an order for an award of attorneys' fees and costs, as provided by law;

437.    an award of pre-judgment and post-judgment interest as provided by law; and

438.    an order for all such other relief the Court deems just and proper.

## **JURY DEMAND**

439.    Plaintiffs demand a trial by jury of any and all issues in this matter so triable pursuant to Federal Rule of Civil Procedure 38(b).

Dated: May 16, 2018                          Respectfully Submitted,

**NAPOLI SHKOLNIK, PLLC**

*/s/ Patrick J. Lanciotti*
Patrick J. Lanciotti
Hunter Shkolnik
Paul J. Napoli
Louise Caro
Tate J. Kunkle
360 Lexington Avenue, Eleventh Floor
New York, NY 10017
Telephone: (212) 397-1000
E-mail: pnapoli@napolilaw.com
E-mail: hunter@napolilaw.com
E-mail: lcaro@napolilaw.com
E-mail: tkunkle@napolilaw.com
E-mail: planciotti@napolilaw.com

**MCDIVITT LAW FIRM**
Michael McDivitt
Kelly Hyman
19 East Cimarron Street
Colorado Springs, CO 80903
Telephone: (719) 471-3700
E-mail: mmcdivitt@mcdivittlaw.com
E-mail: kyman@mcdivittlaw.com